UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. FINFROCK, a/k/a Nathen
Edgar Patton,

        Plaintiff,

vs.                          Case No. 2:09-cv-629-FtM-29DNF

JUDGE JAMES S. PARKER, SHERIFF
WILLIAM P. WISE, DEPUTY HOUSE,
AND ASSISTANT STATE ATTORNEY
JOSEPH POLZAK,

        Defendants.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently a civil detainee at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a *pro se* Civil Rights Complaint (Doc. #1, Complaint) on September 21, 2009. Plaintiff accompanied the filing of his Complaint with a request to proceed *in forma pauperis*. See Affidavit of Indigence (Doc. #2). Despite Plaintiff's non-prisoner status,[1] before the

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

Court grants Plaintiff *in forma pauperis* in this action, the Court is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

**I.**

Plaintiff identifies the following as Defendants: James S. Parker, Judge, Twelfth Judicial Circuit, DeSoto County, Florida;

William P. Wise, Sheriff, DeSoto County; FNU House, Deputy Sheriff, DeSoto County; and Joseph Polzak, Assistant State Attorney. Complaint at 2-3. The Complaint sets forth the following facts, which are accepted as true for purposes of this Order.

On March 13, 2009, while at the FCCC, Plaintiff was placed "in confinement" and then moved to "wing restriction" on April 20, 2009, due to "pending charges." Id. at 4, ¶1. On July 10, 2009, charges were filed against Plaintiff and on July 29, 2009, a warrant was issued for his arrest and Plaintiff was transferred to the DeSoto County Jail. Id.

At the Jail, Plaintiff "was treated rudely by the deputy sheriffs." Id. On August 1, 2009, Defendant House "threatened" Plaintiff with "bodily harm" telling him "if you lay your hands on one of our officers we'll take you upstairs and beat you senseless." Id. Plaintiff surmises that Defendant House made the statement because Plaintiff "was charged with battery upon staff." Id.

On August 2, 2009, Plaintiff filed a grievance against Defendant House and other deputies "because of the disrespectful manner" in which he was "treated and threatened by Deputy House." Id. at ¶2. That same afternoon, Plaintiff was placed in "protective custody," but Plaintiff "was not afraid of anyone and did not ask to be placed into a cell for his own protection." Id.

When Plaintiff was seen "by medical" at the Jail he asked about the medication "he should have been receiving." Id. at 5,

¶3. The "Nurse stated that it will be billed to [Plaintiff]." Id. Plaintiff responded that he was "indigent" and told her to "bill the Facility." Id. Plaintiff did not receive his medication for the "eight days he was detained at the County Jail, even though he asked for it every day." Id.

On July 20, 2009, Plaintiff appeared before Judge Parker. Id. at ¶4. "While before Judge Parker, no plea was taken, no public defender was appointed." Id. at 3, ¶B. When Plaintiff complained to Judge Parker that he had "been detained in confinement since March 13, 2009 in violation of due process without any kind of hearing," Judge Parker stated Plaintiff "is receiving [his] due process now." Id.

Plaintiff argues that his due process rights were violated because he placed in "confinement" at the FCCC on March 13, 2009 "for assault upon staff" but that "no hearing was held before a disciplinary board or any judge of court." Id. at 5, ¶4. Plaintiff also claims that his speedy trial rights were violated because Assistant State Attorney Polzak "should have filed charges way before July 10, 2009." Id. Further, Plaintiff states that while he was in "illegal detention" he was not permitted to participate in church services, groups for treatment . . . and even denied medical care and appointments to doctors." Id. at ¶5. Further, Judge Parker failed to "uphold the laws of Florida governing a speedy trial and other due process issues." Id.

-4-

As relief, Plaintiff requests a "preliminary injunction" to be issued against "respondents and their cohorts prohibiting them in acting in reprisal towards Plaintiff." Id. at 6. Additionally, Plaintiff seeks $150,000 "in damages for the needless pain and mental anguish he was forced to endure while held in confinement illegally at the Florida Civil Commitment Center and County Jail due to the State's inadvertent neglect to file charges timely and to hold a speedy trial before the court." Id.

**II.**

The Court construes the action as filed pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To articulate a claim under § 1983, plaintiff must allege that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F. 2d 1370, 1380-1381 (11th Cir. 1982).

**III.**

At the outset, the Court finds that Plaintiff ins not entitled to preliminary injunctive relief. Plaintiff has completely failed to address any of the four factors to warrant the issuance of a preliminary injunction as required by Local Rule 4.05(b)(4). <u>Wall v. Ferrero</u>, 142 Fed. Appx. 405 (11th Cir. 2005).[2]

Further, upon review of the Complaint, the Court finds that the Complaint is frivolous, and otherwise fails to state a claim upon which relief cam be granted. While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. <u>Id.</u> In particular, judges are entitled to absolute immunity for actions taken in their judicial capacity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978); <u>Sibley v. Lando</u>, 437 F.3d 1067, 1070 (11th Cir. 2005). Similarly, prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Rowe v. City of Fort</u>

---

[2]Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."

Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). Consequently, Plaintiff's claims for damages against the Honorable James S. Parker and State Attorney Joseph Polzak must be dismissed.

Plaintiff attributes liability to Defendant Deputy House because of the verbal threat he made to Plaintiff on August 1, 2009. Mere verbal threats and harassment are insufficient to state a claim for a constitutional violation. Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)(concluding that "verbal taunts" alone are insufficient to state a claim for relief); Hernandez v. Fla. Dep't of Corr., 281 Fed. Appx. 862, 866 (11th Cir. 2008) (affirming the district court's dismissal of a claim alleging "threats and verbal abuse" for failure to state a claim where the threats were not carried out). Here, Plaintiff acknowledges that, after he complained about the threat, he was moved to protective custody. Complaint at 4, ¶2. Plaintiff does not allege that the threat was carried out. See generally Complaint. Thus, the Court finds the Complaint fails to allege any violation of Plaintiff's constitutional rights by Defendant House.

Defendant Wise is not mentioned anywhere in the facts of the Complaint, but is only identified as the "County Sheriff" in the "Parties" section of the Complaint. Complaint at 2. It appears that Plaintiff attributes liability to Defendant Wise solely based upon his position as Sheriff of DeSoto County. The Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. Monell v. Dep't of Soc.

Serv., 436 U.S. 659, 690-692 (1978). Instead, as a supervisor, Defendant Wise, can only be liable for an act of his subordinate if he "personally participated in the allegedly unconstitutional conduct or if there is a 'causal connection between [his] actions . . . and the alleged constitutional deprivation.'" West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)(quoting Cottone v. Jenne, 326 F.2d 1352, 1360 (11th Cir. 2003)). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. Cottone, 326 F.2d at 1360. Here, the Complaint is completely devoid of such allegations.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's request for a preliminary injunction is **DENIED**.

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to 1915(e)(2)(B)(ii) for failure to state a claim.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of October, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record